1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

SACRAMENTO DIVISION

11

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. |
| Plaintiff, | CONSENT OF DEFENDANTS MCKINLEY MORTGAGE CO. LLC, MCKINLEY MORTGAGE COMPANY, LLC, AND TOBIAS J. PRESTON |
| vs. | |
| MCKINLEY MORTGAGE CO. LLC, MCKINLEY MORTGAGE COMPANY, LLC, TOBIAS J. PRESTON, CHARLES G. PRESTON, CALEB J. PRESTON, and LAURA A. SANFORD, | |
| Defendants. | |

1.      Defendants McKinley Mortgage Co. LLC ("MMC-FL"), McKinley Mortgage Company, LLC ("MMC-AK"), and Tobias J. Preston (collectively "Defendants") waive service of a summons and the complaint in this action, enter general appearances, and admit the Court's jurisdiction over Defendants and over the subject matter of this action.

2.      Without admitting or denying the allegations of the complaint (except as provided herein in paragraph 21 and except as to personal and subject matter jurisdiction, which Defendants admit), Defendants hereby consent to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

(a)    permanently restrains and enjoins Defendants MMC-FL and Tobias Preston from violation of Sections 5 and 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. §§ 77e and 77q(a)], Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], and Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 (the "Advisers Act") [15 U.S.C. §§ 80b-6(1) and (2)];

(b)    permanently restrains and enjoins Defendant MMC-AK from violation of Section 17(a) of the Securities Act, Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder;

(c)    permanently restrains and enjoins Defendants MMC-FL, MMC-AK, and Tobias Preston from, directly or indirectly, participating in the issuance, offer, or sale of any security of any entity controlled by, or under joint control with, any of them;

(d)    orders Defendant MMC-FL to pay disgorgement in the amount of $13,876,916, plus prejudgment interest in the amount of $1,890,853;

(e)    orders Defendant MMC-AK to pay disgorgement in the amount of $341,079, plus prejudgment interest in the amount of $47,760;

(f)    orders Defendant Tobias Preston to pay disgorgement in the amount of $10,584,107, plus prejudgment interest in the amount of $1,200,384;

(g)    orders Defendant Tobias Preston to pay a civil penalty in the amount of $2,500,000 under Section 20(d) of the Securities Act, Section 21(d)(3) of the Exchange Act, and Section 209(e) of the Advisers Act; and

(h)    requires Defendants to comply with the undertakings set forth in this Consent and incorporated in the Final Judgment.

3.    Defendant Tobias Preston acknowledges that the civil penalty paid pursuant to the Final Judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, the

civil penalty shall be treated as a penalty paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant Tobias Preston agrees that he shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on his payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of his payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant Tobias Preston agrees that he shall, within thirty days after entry of a final order granting the Penalty Offset, notify the counsel for Plaintiff Securities and Exchange Commission ("Commission") in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission's counsel directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this action. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant Tobias Preston by or on behalf of one or more investors based on substantially the same facts as alleged in the complaint in this action.

4.     Defendant Tobias Preston agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that he pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant Tobias Preston further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that he pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

5.     Defendants undertake to cooperate fully with the Commission in any and all investigations, litigations or other proceedings relating to or arising from the matters alleged in the complaint in this action, except to the extent such cooperation is inconsistent with the defense of any other case or investigation in which the Commission is not a party.

6.     Defendant Tobias Preston undertakes to transfer to Alaska Financial Company III LLC ("AFC III"), no later than 15 business days after entry of the Final Judgment, all of his ownership interests and other rights of any kind in real estate and other assets purchased in whole or in part, directly or indirectly, with AFC III funds (except amounts received through MMC-FL consistent with the management fees disclosed in the AFC III offering materials), including but not limited to the following real estate and other assets:

    a)   All real estate and other assets related to the "Dona Lucha" Joint Venture, including interests held in the names of Tobias Preston; Sarah Ellen Brown; Inmobiliaria Dona Lucha S. de R.L. de C.V.; Dona Lucha, LTD; Dona Lucha Ventures, LLC; OESK, LLC; Jaeger Holdings, LP; or Saint Elias, LLC; including but not limited to:

- 376 hectares of land at Carretera Tulum – Coba Km 12.6, Tulum, Mexico.

    b)   All real estate and other assets related to the "Buda" Joint Venture, including interests held in the names of Tobias Preston; Lauren Elizabeth Aukland; Sarah Ellen Brown; Jennifer Joan Love; Inmobiliaria Buda S. de R.L. de C.V.; Operadora Empresarial Sian Kaan S. de R.L. de C.V.; OESK, LLC; Buda Ventures, LLC; Lotes Tulum S. de R.L. de C.V.; Auska Group, S. de R.L. de C.V.; Emerald FL, LLC; Shasta Management, LLC; Jaeger Holdings, LP; or Saint Elias, LLC; including but not limited to:

- 18 parcels of land at the Los Arboles Tulum development in Tulum, Mexico, on or around Lot 001, Manzana 040, KM 12 Coba-Tulum Highway in Tulum, Mexico (including but not limited to Lot Numbers A16, A17, A26, A27, A29, B07, B11, C02, E01, E03, E04, E05, E07, E08, E10, E14, E20, and H18);

- The Los Arboles Tulum development in Tulum, Mexico;

- The "El Pez" development, including but not limited to 140 hectares of land in Tulum, Mexico comprised of 35 parcels, including but not limited to Lotes 1, 4 and 9 in Manzana 802, Zona 12, Tulum, Mexico;

- Land at Lote 4, Manzana 949, Zona 11, Tulum, Mexico;

- Real estate and residence known as "Casa Portuguesa" located at Paraiso Tankah, Tankah IV, Lotes 10 & 11, Tulum, Mexico; and

- Real estate and structure known as the "Marciano School Commercial Building" located at Calle Escorpion Sur between Calle Andromeda Oriente and Calle Sol Oriente, Tulum, Mexico.

    c)   The following real estate, or notes secured by such real estate, including interests held in the names of Tobias Preston; Lokoia LLC; Mohave, LLC; Shasta Management, LLC; Whitney Holdings, LLC; Medina Martin, LTD.; or Medina Martin GP, LLC:

- 7410 Kamehameha V Highway, Kaunakakai, HI 96748;

- 7142 Kamehameha V Highway, #C-214, Kaunakakai, HI 96748;

- 649 SE Karrigan Terrace, Port St. Lucie, FL 34983 (note held by Tobias Preston);

- 2359 El Vista Street, Redding, CA 96002 (note held by Lokoia LLC); and

- Real estate and structures located at 421 N. Medina Street, San Antonio, TX 78207 and surrounding land, including but not limited to 3.735 acres of land at 1232 W. Martin Street, San Antonio, TX 78207 and land on or around 1233 Commerce Street, San Antonio, TX 78207.

7.     Defendant Tobias Preston undertakes to, and by filing of this Consent does, relinquish all of his ownership interests and other rights of any kind in MMC-FL, MMC-AK, AFC III, Alaska Financial Company2 LLC ("AFC2"), and any of their subsidiaries or affiliates, including but not limited to Alaska Financial Company 1, LLC; Alaska Financial Servicing, LLC; AF Servicing, LLC; AFC IV, LLC; ASV, LLC; ATLA, LLC; Ceynote III, LLC; Denali Investments, LLC; Home and Note Documents; Key Largo McKinley Mortgage, LLC; McKinley Mortgage of California, LLC; McKinley Mortgage of Texas (Austin), LLC; MFIII, S.A. de C.V.; MFIV, S.A. de C.V.; Storehouse Financial, LLC; and 2020 Foresight, LLC.

8.     Defendants MMC-FL and MMC-AK undertake to retain, at their own expense, an Independent Manager/Monitor who is not unacceptable to the Commission staff, to replace Tobias Preston, Charles Preston, and Caleb Preston as the officers of MMC-FL and MMC-AK, no later than 15 business days after entry of the Final Judgment. As set forth below, the Manager/Monitor will oversee the management and activities of MMC-FL, MMC-AK, AFC III, AFC2, and their subsidiaries and affiliates, and shall serve to protect the interests of the investors who have purchased securities in AFC III and AFC2 (collectively the "Funds") through Defendants. Defendants MMC-FL and MMC-AK agree to provide a copy of the Independent Manager/Monitor's engagement or employment agreement(s) to Steven Buchholz, Assistant Regional Director, U.S. Securities and Exchange Commission, 44 Montgomery Street, 28th Floor, San Francisco, CA 94104, no later than 20 business days after entry of the Final Judgment.

9.     Defendants undertake to cooperate fully with the Independent Manager/Monitor and to require the cooperation of respective employees or other persons still under their control,

1  as reasonably requested in connection with the Independent Manager/Monitor's engagement or

2  employment, except to the extent such cooperation is inconsistent with the defense of any other

3  case or investigation in which the Commission is not a party.  Defendants shall take no action,

4  directly or indirectly, to hinder, obstruct, or otherwise interfere with the Independent

5  Manager/Monitor or any persons engaged or employed by the Independent Manager/Monitor in

6  carrying out the Independent Manager/Monitor's responsibilities.

7       10.   Defendants MMC-FL and MMC-AK undertake to permit the Independent

8  Manager/Monitor to engage such clerical, legal, expert, or other assistance as necessary to carry

9  out its activities in connection with its engagement or employment, and to compensate the

10  Independent Manager/Monitor and persons engaged or employed by the Independent

11  Manager/Monitor for services rendered at reasonable and customary rates.  These costs shall be

12  borne by the Funds, in lieu of any other compensation to which MMC-FL, MMC-AK, or their

13  subsidiaries or affiliates may be entitled in connection with the management or operation of the

14  Funds.  To ensure the independence of the Independent Manager/Monitor, Defendants shall not

15  have the authority to terminate the Independent Manager/Monitor without prior written approval

16  of the Commission staff.

17       11.   Defendants agree that the Independent Manager/Monitor shall:

18     a)  have full, complete, and immediate access to the books and records of MMC-FL,
         MMC-AK, AFC III, AFC2, and their subsidiaries and affiliates, including but not
19         limited to all business and financial records, bank and other financial statements,
         and all electronic records wherever located, to carry out the Independent
20         Manager/Monitor's responsibilities;

21     b)  have full, complete and immediate access to the principals, managers, officers,
         directors, employees, agents or consultants of MMC-FL, MMC-AK, AFC III,
22         AFC2, and their subsidiaries and affiliates, wherever located, to carry out the
         Independent Manager/Monitor's responsibilities;
23
       c)  have full, complete and immediate access to the offices of MMC-FL, MMC-AK,
24         AFC III, AFC2, and their subsidiaries and affiliates, wherever located, to carry out
         the Independent Manager/Monitor's responsibilities;
25
       d)  provide to the Commission staff, no later than 45 days after entry of the Final
26         Judgment, a report identifying all investors who hold notes or other securities in
         AFC III or AFC2 as of the entry of the Final Judgment ("Investors"), and any
27         outstanding amounts owed to each Investor;

28

e) provide to Investors and the Commission staff, no later than 60 days after entry of the Final Judgment, a preliminary accounting of all assets and liabilities of MMC-FL, MMC-AK, AFC III, AFC2, and their subsidiaries and affiliates, and to conduct such investigation as may be necessary to locate and account for such items;

f) provide to Investors and the Commission staff, beginning no later than 60 days after the preliminary accounting described above, quarterly accountings of all assets, liabilities, receipts and disbursements of MMC-FL, MMC-AK, AFC III, AFC2, and their subsidiaries and affiliates, including but not limited to disbursements associated with the activities of the Independent Manager/Monitor and any persons engaged or employed by the Independent Manager/Monitor, continuing for at least four quarters, or until dissolution of the entity, if sooner; and

g) provide to Investors and the Commission staff, no later than one year after entry of the Final Judgment, a report describing in detail its plan and underlying financial analysis for the continuing operation or dissolution of MMC-FL, MMC-AK, AFC III, AFC2, and their subsidiaries and affiliates. The Commission staff may make reasonable requests for further evidence in support of the plan, and the Independent Manager/Monitor shall provide such evidence.

12. Defendants agree that the Independent Manager/Monitor shall have all of the immunities afforded to a Court-appointed receiver in a federal action. The Independent Manager/Monitor and persons engaged or employed by the Independent Manager/Monitor in carrying out the responsibilities hereunder shall not be liable for any act or omission of the Independent Manager/Monitor or such person, respectively, or any of their partners, employees, agents or attorneys, unless it shall be proven that the Independent Manager/Monitor or such other person acted recklessly or in bad faith. In particular, the Independent Manager/Monitor shall not, under any circumstances, be liable for any losses in connection with AFC III or AFC2 or the loss of Investor funds arising out of or related to the Independent Manager/Monitor's work hereunder, including, but not limited to, losses from either the sale of securities or failure to sell securities or delays in the sale of securities by AFC III or AFC2 during the course of the Independent Manager/Monitor's engagement or employment. No claim may be filed against the Independent Manager/Monitor without first obtaining Court approval to file such an action.

13. Defendants shall certify, in writing, compliance with the Undertakings set forth as to each of them above. The certification shall identify the Undertakings as to each Defendant, provide written evidence of compliance in the form of a narrative, and be supported by exhibits sufficient to demonstrate compliance. The certification and supporting material shall be submitted to Steven Buchholz, Assistant Regional Director, U.S. Securities and Exchange

Commission, 44 Montgomery Street, 28th Floor, San Francisco, CA 94104, with a copy to the Office of Chief Counsel of the Enforcement Division, 100 F Street NE, Washington, DC 20549, no later than two months after the date of the completion of the Undertakings.

14.   Defendants waive the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

15.   Defendants waive the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

16.   Defendants enter into this Consent voluntarily and represent that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendants to enter into this Consent.

17.   Defendants agree that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

18.   Defendants will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waive any objection based thereon.

19.   Defendants waive service of the Final Judgment and agree that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendants of its terms and conditions. Defendants further agree to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with affidavits or declarations stating that Defendants have received and read a copy of the Final Judgment.

20.   Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendants in this civil proceeding. Defendants acknowledge that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendants waive any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendants further acknowledge

1  that the Court's entry of a permanent injunction may have collateral consequences under federal

2  or state law and the rules and regulations of self-regulatory organizations, licensing boards, and

3  other regulatory organizations.  Such collateral consequences include, but are not limited to, a

4  statutory disqualification with respect to membership or participation in, or association with a

5  member of, a self-regulatory organization.  This statutory disqualification has consequences that

6  are separate from any sanction imposed in an administrative proceeding.  In addition, in any

7  disciplinary proceeding before the Commission based on the entry of the injunction in this action,

8  Defendants understand that they shall not be permitted to contest the factual allegations of the

9  complaint in this action.

10       21.     Defendants understand and agree to comply with the terms of 17 C.F.R.

11  § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or

12  respondent to consent to a judgment or order that imposes a sanction while denying the

13  allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is

14  equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies

15  the allegations."  As part of Defendants' agreement to comply with the terms of Section 202.5(e),

16  Defendants: (i) will not take any action or make or permit to be made any public statement

17  denying, directly or indirectly, any allegation in the complaint or creating the impression that the

18  complaint is without factual basis; (ii) will not make or permit to be made any public statement to

19  the effect that Defendants do not admit the allegations of the complaint, or that this Consent

20  contains no admission of the allegations, without also stating that Defendants do not deny the

21  allegations; (iii) upon the filing of this Consent, Defendants hereby withdraw any papers filed in

22  this action to the extent that they deny any allegation in the complaint; and (iv) stipulate solely for

23  purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §

24  523, that the allegations in the complaint are true, and further, that any debt for disgorgement,

25  prejudgment interest, civil penalty or other amounts due by Defendants under the Final Judgment

26  or any other judgment, order, consent order, decree or settlement agreement entered in connection

27  with this proceeding, is a debt for the violation by Defendants of the federal securities laws or any

28  regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy

Code, 11 U.S.C. § 523(a)(19).  If Defendants breach this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendants': (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

22.     Defendants hereby waive any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendants to defend against this action.  For these purposes, Defendants agree that they are not prevailing parties in this action since the parties have reached a good faith settlement.

23.     Defendants agree that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

24.     Defendants agree that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated:  December ___, 2017

_____

Tobias J. Preston

On December ___, 2017, _____, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____

Notary Public
Commission expires:

# ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of _____ Shasta _____ )

On ____ December 19, 2017 _____ before me, ____ Terrie Robinson _____
                                              (insert name and title of the officer)

personally appeared ____ Tobias J. Preston _____,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.



TERRIE ROBINSON
Commission # 2126412
Notary Public - California
Shasta County
My Comm. Expires Sep 11, 2019

Signature ____ terrie Robinson _____   **(Seal)**

**McKinley Mortgage Co. LLC**

By: _____
Tobias J. Preston
President

On December ___, 2017, _____, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of McKinley Mortgage Co. LLC as its President.

_____
Notary Public
Commission expires:

**McKinley Mortgage Company, LLC**

By: _____
Tobias J. Preston
Principal

On December ___, 2017, _____, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of McKinley Mortgage Company, LLC as its Principal.

_____
Notary Public
Commission expires:

Approved as to form:

_____
Malcolm Segal, Esq.
Segal & Associates, PC
400 Capitol Mall, Suite 2550
Sacramento, CA 95814
Counsel for Defendant Tobias J. Preston

# ACKNOWLEDGMENT

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of _____ Shasta _____ )


On __ December 19, 2017 __ before me, __ Terrie Robinson __
(insert name and title of the officer)

personally appeared __ Tobias J. Preston __
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.


WITNESS my hand and official seal.

**TERRIE ROBINSON**
Commission # 2126412
Notary Public - California
Shasta County
My Comm. Expires Sep 11, 2019

Signature __ terrie Robinson __        **(Seal)**

# ACKNOWLEDGMENT

A notary public or other officer completing this
certificate verifies only the identity of the individual
who signed the document to which this certificate is
attached, and not the truthfulness, accuracy, or
validity of that document.

State of California
County of _____ Shasta _____ )

On _____ December 19, 2017 _____ before me, ____ Terrie Robinson _____
(insert name and title of the officer)

personally appeared ____ Tobias J. Preston _____,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

TERRIE ROBINSON
Commission # 2126412
Notary Public - California
Shasta County
My Comm. Expires Sep 11, 2019

Signature _____ terrie Robinson _____ **(Seal)**

Approved as to form:

Bradley Benbrook, Esq.
Benbrook Law Group, PC
400 Capitol Mall, Suite 2530
Sacramento, CA 95814
Counsel for Defendants McKinley Mortgage Co. LLC and McKinley Mortgage Company, LLC