1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT
9                       EASTERN DISTRICT OF CALIFORNIA
10                          SACRAMENTO DIVISION
11

12   SECURITIES AND EXCHANGE COMMISSION,    Case No.

13              Plaintiff,
                                            CONSENT OF DEFENDANT CALEB J.
14       vs.                                PRESTON

15   MCKINLEY MORTGAGE CO. LLC, MCKINLEY
     MORTGAGE COMPANY, LLC, TOBIAS J.
16   PRESTON, CHARLES G. PRESTON, CALEB J.
     PRESTON, and LAURA A. SANFORD,
17
              Defendants.
18

19

20       1.      Defendant Caleb J. Preston ("Defendant") waives service of a summons and the

21   complaint in this action, enters a general appearance, and admits the Court's jurisdiction over him

22   and over the subject matter of this action.

23       2.      Without admitting or denying the allegations of the complaint (except as provided

24   herein in paragraph 18 and except as to personal and subject matter jurisdiction, which Defendant

25   admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto

26   (the "Final Judgment") and incorporated by reference herein, which, among other things:

27               (a)    permanently restrains and enjoins Defendant from violation of Sections 5

28                      and 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. §§

SEC v. MCKINLEY MORTGAGE CO. LLC, ET AL.
CONSENT

1     77e and 77q(a)], Sections 15(a) and 10(b) of the Securities Exchange Act

2     of 1934 (the "Exchange Act") [15 U.S.C. §§ 78o(a) and 78j(b)] and Rule

3     10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], and Sections

4     206(1) and 206(2) of the Investment Advisers Act of 1940 (the "Advisers

5     Act") [15 U.S.C. §§ 80b-6(1) and (2)];

6     (b)     orders Defendant to pay disgorgement in the amount of $345,200, plus

7     prejudgment interest in the amount of $47,037;

8     (c)     orders Defendant to pay a civil penalty in the amount of $150,000 under

9     Section 20(d) of the Securities Act, Section 21(d)(3) of the Exchange Act,

10     and Section 209(e) of the Advisers Act; and

11     (d)     requires Defendant to comply with the undertakings set forth in this

12     Consent and incorporated in the Final Judgment.

13     3.     Defendant acknowledges that the civil penalty paid pursuant to the Final Judgment

14 may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley

15 Act of 2002. Regardless of whether any such Fair Fund distribution is made, the civil penalty

16 shall be treated as a penalty paid to the government for all purposes, including all tax purposes.

17 To preserve the deterrent effect of the civil penalty, Defendant agrees that he shall not, after offset

18 or reduction of any award of compensatory damages in any Related Investor Action based on his

19 payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by,

20 offset or reduction of such compensatory damages award by the amount of any part of his

21 payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor

22 Action grants such a Penalty Offset, Defendant agrees that he shall, within thirty days after entry

23 of a final order granting the Penalty Offset, notify the counsel for Plaintiff Securities and

24 Exchange Commission ("Commission") in this action and pay the amount of the Penalty Offset to

25 the United States Treasury or to a Fair Fund, as the Commission's counsel directs. Such a

26 payment shall not be deemed an additional civil penalty and shall not be deemed to change the

27 amount of the civil penalty imposed in this action. For purposes of this paragraph, a "Related

28 Investor Action" means a private damages action brought against Defendant by or on behalf of

1   one or more investors based on substantially the same facts as alleged in the complaint in this
2   action.

3       4.      Defendant agrees that he shall not seek or accept, directly or indirectly,
4   reimbursement or indemnification from any source, including but not limited to payment made
5   pursuant to any insurance policy, with regard to any civil penalty amounts that he pays pursuant
6   to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added
7   to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that
8   he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal,
9   state, or local tax for any penalty amounts that he pays pursuant to the Final Judgment, regardless
10  of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise
11  used for the benefit of investors.

12      5.      Defendant undertakes to cooperate fully with the Commission in any and all
13  investigations, litigations or other proceedings relating to or arising from the matters alleged in
14  the complaint in this action, except to the extent such cooperation is inconsistent with the defense
15  of any other case or investigation in which the Commission is not a party.

16      6.      Defendant undertakes to, and by filing of this Consent does, relinquish all of his
17  ownership interests and other rights of any kind in MMC-FL, MMC-AK, Alaska Financial
18  Company III LLC ("AFC III"), Alaska Financial Company2 LLC ("AFC2"), and any of their
19  subsidiaries or affiliates, including but not limited to Alaska Financial Company 1, LLC; Alaska
20  Financial Servicing, LLC; AF Servicing, LLC; AFC IV, LLC; ASV, LLC; ATLA, LLC; Ceynote
21  III, LLC; Denali Investments, LLC; Home and Note Documents; Key Largo McKinley Mortgage,
22  LLC; McKinley Mortgage of California, LLC; McKinley Mortgage of Texas (Austin), LLC;
23  MFIII, S.A. de C.V.; MFIV, S.A. de C.V.; Storehouse Financial, LLC; and 2020 Foresight, LLC.

24      7.      Defendant undertakes to cooperate fully with the Independent Manager/Monitor
25  and to require the cooperation of respective employees or other persons still under his control, as
26  reasonably requested in connection with the Independent Manager/Monitor's engagement or
27  employment, except to the extent such cooperation is inconsistent with the defense of any other
28  case or investigation in which the Commission is not a party. Defendant shall take no action,

1   directly or indirectly, to hinder, obstruct, or otherwise interfere with the Independent

2   Manager/Monitor or any persons engaged or employed by the Independent Manager/Monitor in

3   carrying out the Independent Manager/Monitor's responsibilities.

4         8.    Defendant agrees that the Independent Manager/Monitor shall:

5        a) have full, complete, and immediate access to the books and records of MMC-FL,
6          MMC-AK, AFC III, AFC2, and their subsidiaries and affiliates, including but not
           limited to all business and financial records, bank and other financial statements,
7          and all electronic records wherever located, to carry out the Independent
           Manager/Monitor's responsibilities;

8        b) have full, complete and immediate access to the principals, managers, officers,
9          directors, employees, agents or consultants of MMC-FL, MMC-AK, AFC III,
           AFC2, and their subsidiaries and affiliates, wherever located, to carry out the
10         Independent Manager/Monitor's responsibilities;

11       c) have full, complete and immediate access to the offices of MMC-FL, MMC-AK,
           AFC III, AFC2, and their subsidiaries and affiliates, wherever located, to carry out
12         the Independent Manager/Monitor's responsibilities;

13       d) provide to the Commission staff, no later than 45 days after entry of the Final
           Judgment, a report identifying all investors who hold notes or other securities in
14         AFC III or AFC2 as of the entry of the Final Judgment ("Investors"), and any
           outstanding amounts owed to each Investor;

15       e) provide to Investors and the Commission staff, no later than 60 days after entry of
16         the Final Judgment, a preliminary accounting of all assets and liabilities of MMC-
           FL, MMC-AK, AFC III, AFC2, and their subsidiaries and affiliates, and to
17         conduct such investigation as may be necessary to locate and account for such
           items;

18       f) provide to Investors and the Commission staff, beginning no later than 60 days
19         after the preliminary accounting described above, quarterly accountings of all
           assets, liabilities, receipts and disbursements of MMC-FL, MMC-AK, AFC III,
20         AFC2, and their subsidiaries and affiliates, including but not limited to
           disbursements associated with the activities of the Independent Manager/Monitor
21         and any persons engaged or employed by the Independent Manager/Monitor,
           continuing for at least four quarters, or until dissolution of the entity, if sooner; and

22       g) provide to Investors and the Commission staff, no later than one year after entry of
23         the Final Judgment, a report describing in detail its plan and underlying financial
           analysis for the continuing operation or dissolution of MMC-FL, MMC-AK, AFC
24         III, AFC2, and their subsidiaries and affiliates. The Commission staff may make
           reasonable requests for further evidence in support of the plan, and the
25         Independent Manager/Monitor shall provide such evidence.

          9.    Defendant agrees that the Independent Manager/Monitor shall have all of the
26  immunities afforded to a Court-appointed receiver in a federal action. The Independent
27  Manager/Monitor and persons engaged or employed by the Independent Manager/Monitor in
28

1  carrying out the responsibilities hereunder shall not be liable for any act or omission of the
2  Independent Manager/Monitor or such person, respectively, or any of their partners, employees,
3  agents or attorneys, unless it shall be proven that the Independent Manager/Monitor or such other
4  person acted recklessly or in bad faith.  In particular, the Independent Manager/Monitor shall not,
5  under any circumstances, be liable for any losses in connection with AFC III or AFC2 or the loss
6  of Investor funds arising out of or related to the Independent Manager/Monitor's work hereunder,
7  including, but not limited to, losses from either the sale of securities or failure to sell securities or
8  delays in the sale of securities by AFC III or AFC2 during the course of the Independent
9  Manager/Monitor's engagement or employment.  No claim may be filed against the Independent
10  Manager/Monitor without first obtaining Court approval to file such an action.

11      10.    Defendant shall certify, in writing, compliance with the Undertakings set forth
12  above.  The certification shall identify the Undertakings, provide written evidence of compliance
13  in the form of a narrative, and be supported by exhibits sufficient to demonstrate compliance.
14  The certification and supporting material shall be submitted to Steven Buchholz, Assistant
15  Regional Director, U.S. Securities and Exchange Commission, 44 Montgomery Street, 28th
16  Floor, San Francisco, CA 94104, with a copy to the Office of Chief Counsel of the Enforcement
17  Division, 100 F Street NE, Washington, DC 20549, no later than two months after the date of the
18  completion of the Undertakings.

19      11.    Defendant waives the entry of findings of fact and conclusions of law pursuant to
20  Rule 52 of the Federal Rules of Civil Procedure.

21      12.    Defendant waives the right, if any, to a jury trial and to appeal from the entry of
22  the Final Judgment.

23      13.    Defendant enters into this Consent voluntarily and represent that no threats, offers,
24  promises, or inducements of any kind have been made by the Commission or any member,
25  officer, employee, agent, or representative of the Commission to induce Defendant to enter into
26  this Consent.

27      14.    Defendant agrees that this Consent shall be incorporated into the Final Judgment
28  with the same force and effect as if fully set forth therein.

1       15.    Defendant will not oppose the enforcement of the Final Judgment on the ground, if

2 any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and

3 hereby waives any objection based thereon.

4       16.    Defendant waives service of the Final Judgment and agrees that entry of the Final

5 Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant

6 of its terms and conditions.  Defendant further agrees to provide counsel for the Commission,

7 within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or

8 declaration stating that Defendant has received and read a copy of the Final Judgment.

9       17.    Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims

10 asserted against Defendant in this civil proceeding.  Defendant acknowledges that no promise or

11 representation has been made by the Commission or any member, officer, employee, agent, or

12 representative of the Commission with regard to any criminal liability that may have arisen or

13 may arise from the facts underlying this action or immunity from any such criminal liability.

14 Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding,

15 including the imposition of any remedy or civil penalty herein.  Defendant further acknowledges

16 that the Court's entry of a permanent injunction may have collateral consequences under federal

17 or state law and the rules and regulations of self-regulatory organizations, licensing boards, and

18 other regulatory organizations.  Such collateral consequences include, but are not limited to, a

19 statutory disqualification with respect to membership or participation in, or association with a

20 member of, a self-regulatory organization.  This statutory disqualification has consequences that

21 are separate from any sanction imposed in an administrative proceeding.  In addition, in any

22 disciplinary proceeding before the Commission based on the entry of the injunction in this action,

23 Defendant understands that he shall not be permitted to contest the factual allegations of the

24 complaint in this action.

25      18.    Defendant understands and agrees to comply with the terms of 17 C.F.R.

26 § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or

27 respondent to consent to a judgment or order that imposes a sanction while denying the

28 allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is

1  equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies

2  the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e),

3  Defendant: (i) will not take any action or make or permit to be made any public statement

4  denying, directly or indirectly, any allegation in the complaint or creating the impression that the

5  complaint is without factual basis; (ii) will not make or permit to be made any public statement to

6  the effect that Defendant does not admit the allegations of the complaint, or that this Consent

7  contains no admission of the allegations, without also stating that Defendant does not deny the

8  allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in

9  this action to the extent that they deny any allegation in the complaint; and (iv) stipulates solely

10  for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11

11  U.S.C. § 523, that the allegations in the complaint are true, and further, that any debt for

12  disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the

13  Final Judgment or any other judgment, order, consent order, decree or settlement agreement

14  entered in connection with this proceeding, is a debt for the violation by Defendant of the federal

15  securities laws or any regulation or order issued under such laws, as set forth in Section

16  523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19). If Defendant breaches this

17  agreement, the Commission may petition the Court to vacate the Final Judgment and restore this

18  action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial

19  obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in

20  which the Commission is not a party.

21       19.    Defendant hereby waives any rights under the Equal Access to Justice Act, the

22  Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to

23  seek from the United States, or any agency, or any official of the United States acting in his or her

24  official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses,

25  or costs expended by Defendant to defend against this action. For these purposes, Defendant

26  agrees that he is not the prevailing party in this action since the parties have reached a good faith

27  settlement.

28

1    20.    Defendant agrees that the Commission may present the Final Judgment to the
2    Court for signature and entry without further notice.
3    21.    Defendant agrees that this Court shall retain jurisdiction over this matter for the
4    purpose of enforcing the terms of the Final Judgment.
5
6    Dated: December 20, 2017
                                                    Caleb J. Preston
7
8    On December 20, 2017, _Caleb J. Preston___, a person known to me, personally
9    appeared before me and acknowledged executing the foregoing Consent.
10
          NOTARY PUBLIC
11        TIFFANY ISCHINGER            Notary Public
          STATE OF ALASKA              Commission expires:  10/17/21
12   MY COMMISSION EXPIRES October 17, 2021
13
     Approved as to form:
14
15
     William J. Portanova, Esq.
16   400 Capitol Mall, Suite 1100
17   Sacramento, CA 95814
     Counsel for Defendant Caleb J. Preston
18
19
20
21
22
23
24
25
26
27
28

SEC v. MCKINLEY MORTGAGE CO. LLC, ET AL.        -8-
CONSENT