UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>MCKINLEY MORTGAGE CO. LLC, MCKINLEY MORTGAGE COMPANY, LLC, TOBIAS J. PRESTON, CHARLES G. PRESTON, CALEB J. PRESTON, and LAURA A. SANFORD,<br><br>Defendants. | Case No.<br><br>CONSENT OF<br>LAURA A. SANFORD |

1. Laura A. Sanford ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2. Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things, permanently restrains and enjoins

Defendant from violation of Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)].

3. Defendant undertakes to cooperate with the Commission in any and all investigations, litigation or other proceedings relating to or arising from the matters alleged in the complaint in this action, except to the extent such cooperation is inconsistent with the defense of any other case or investigation in which the Commission is not a party.

4. Defendant undertakes to cooperate with the Independent Manager/Monitor, as reasonably requested in connection with the Independent Manager/Monitor's engagement or employment, except to the extent such cooperation is inconsistent with the defense of any other case or investigation in which the Commission is not a party. Defendant shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the Independent Manager/Monitor or any persons engaged or employed by the Independent Manager/Monitor in carrying out the Independent Manager/Monitor's responsibilities.

5. Defendant agrees that the Independent Manager/Monitor shall have all of the immunities afforded to a Court-appointed receiver in a federal action. The Independent Manager/Monitor and persons engaged or employed by the Independent Manager/Monitor in carrying out the responsibilities hereunder shall not be liable for any act or omission of the Independent Manager/Monitor or such person, respectively, or any of their partners, employees, agents or attorneys, unless it shall be proven that the Independent Manager/Monitor or such other person acted recklessly or in bad faith. In particular, the Independent Manager/Monitor shall not, under any circumstances, be liable for any losses in connection with Alaska Financial Company III LLC ("AFC III") or Alaska Financial Company2 LLC ("AFC2"), or the loss of Investor funds arising out of or related to the Independent Manager/Monitor's work hereunder, including, but not limited to, losses from either the sale of securities or failure to sell securities or delays in the sale of securities by AFC III or AFC2 during the course of the Independent Manager/Monitor's engagement or employment. No claim may be filed against the Independent Manager/Monitor without first obtaining Court approval to file such an action.

6. Defendant shall certify, in writing, compliance with the Undertakings set forth above. The certification shall identify the Undertakings, provide written evidence of compliance in the form of a narrative, and be supported by exhibits sufficient to demonstrate compliance. The certification and supporting material shall be submitted to Steven Buchholz, Assistant Regional Director, U.S. Securities and Exchange Commission, 44 Montgomery Street, 28th Floor, San Francisco, CA 94104, with a copy to the Office of Chief Counsel of the Enforcement Division, 100 F Street NE, Washington, DC 20549, no later than two months after the date of the completion of the Undertakings.

7. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

8. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

9. Defendant enters into this Consent voluntarily and represent that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

10. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

11. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

12. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

13. Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or

representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.

14. Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

15. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to

1  seek from the United States, or any agency, or any official of the United States acting in his or her
2  official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses,
3  or costs expended by Defendant to defend against this action. For these purposes, Defendant
4  agrees that she is not the prevailing party in this action since the parties have reached a good faith
5  settlement.

6      16.    Defendant agrees that the Commission may present the Final Judgment to the
7  Court for signature and entry without further notice.

8      17.    Defendant agrees that this Court shall retain jurisdiction over this matter for the
9  purpose of enforcing the terms of the Final Judgment.

10 Dated: ~~December~~ January 12, 2018

                                   Laura A. Sanford

14 On _____, 2017, _____, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

16 **See Attachment or Notary Seal**

                            Notary Public
                            Commission expires:

18 Approved as to form:

20 _____
Jennifer Duggan, Esq.
Duggan Law Corporation
641 Fulton Avenue, Suite 200A
Sacramento, CA 95825
Counsel for Defendant Laura A. Sanford

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**  CIVIL CODE § 1189

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California )
County of  SHASTA )

On JANUARY 12 2018 before me, TRISH HOWK NOTARY PUBLIC ,
     Date                                          Here Insert Name and Title of the Officer
personally appeared LAURA A. SANFORD
                              Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____
          Signature of Notary Public

[Notary Seal: TRISH HOWK, COMM. NO. 2209383, NOTARY PUBLIC - CALIFORNIA, SHASTA COUNTY, MY COMM. EXP. AUG. 10, 2021]

Place Notary Seal Above

———————————— OPTIONAL ————————————
*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: UNITED STATES DISTRICT COURT
Document Date: 01/12/2018                      Number of Pages: 5
Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____                    Signer's Name: _____
☐ Corporate Officer — Title(s): _____         ☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General                ☐ Partner — ☐ Limited ☐ General
☐ Individual      ☐ Attorney in Fact           ☐ Individual      ☐ Attorney in Fact
☐ Trustee         ☐ Guardian or Conservator    ☐ Trustee         ☐ Guardian or Conservator
☐ Other: _____                        ☐ Other: _____
Signer Is Representing: SELF                   Signer Is Representing: _____

©2016 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)   Item #5907