UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>MCKINLEY MORTGAGE CO. LLC, MCKINLEY MORTGAGE COMPANY, LLC, TOBIAS J. PRESTON, CHARLES G. PRESTON, CALEB J. PRESTON, and LAURA A. SANFORD,<br><br>Defendants. | Case No. 2:18-cv-00616-MCE-CMK<br><br>FINAL JUDGMENT AS TO DEFENDANT CALEB J. PRESTON |

The Securities and Exchange Commission ("Commission") having filed a Complaint and Defendant Caleb J. Preston ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph IX); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)] by, directly or indirectly, through use of the means or instruments of transportation or communication in interstate commerce or the mails, acting as a broker and/or effecting transactions in, and inducing or attempting to induce the purchase or sale of, securities (other than an exempted security or commercial paper, bankers' acceptances or commercial bills) without being registered with the Commission in accordance with Section 15(b) of the Exchange Act [15 U.S.C. § 78o(b)].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;
(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or
(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce

or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 [15 U.S.C. §§ 80b-6(1) and (2)], by the use of any means or instrumentality of interstate commerce, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud any client or prospective client; or

(b) to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $345,200, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $47,037 and a civil penalty in the amount of $150,000 pursuant to Section 20(d) of the Securities Act, Section 21(d)(3) of the Exchange Act, and Section 209(e) of the Advisers Act, for a total of $542,237. Defendant shall satisfy this obligation by paying $542,237 to the Securities and Exchange Commission pursuant to the terms of the payment schedule set forth in paragraph VII below after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; the Defendant's name as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid by Defendant as a civil penalty pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on his payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of his payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## VII.

Defendant shall pay the total of disgorgement, prejudgment interest, and penalty due of $542,237 in three installment payments to the Commission according to the following schedule: (1) $50,000 within 14 days of entry of this Final Judgment; (2) $50,000 within 180 days of entry of this Final Judgment; and (3) the remainder to be paid within 364 days of entry of this Final Judgment. Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post-judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 14 days of the entry of Final Judgment. Prior to making the final payment set forth herein, Defendant shall contact the staff of the Commission for the amount due for the final payment.

If Defendant fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

## VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein, including but not limited to:

A. Defendant undertakes to cooperate fully with the Commission in any and all investigations, litigations or other proceedings relating to or arising from the matters described in this action, except to the extent such cooperation is inconsistent with the defense of any other case or investigation in which the Commission is not a party.

B. Defendant undertakes to, and by filing of this Consent does, relinquish all of his ownership interests and other rights of any kind in MMC-FL, MMC-AK, Alaska Financial Company III LLC ("AFC III"), Alaska Financial Company2 LLC ("AFC2"), and any of their subsidiaries or affiliates, including but not limited to Alaska Financial Company 1, LLC; Alaska

Financial Servicing, LLC; AF Servicing, LLC; AFC IV, LLC; ASV, LLC; ATLA, LLC; Ceynote III, LLC; Denali Investments, LLC; Home and Note Documents; Key Largo McKinley Mortgage, LLC; McKinley Mortgage of California, LLC; McKinley Mortgage of Texas (Austin), LLC; MFIII, S.A. de C.V.; MFIV, S.A. de C.V.; Storehouse Financial, LLC; and 2020 Foresight, LLC.

C. Defendant undertakes to cooperate fully with the Independent Manager/Monitor and to require the cooperation of respective employees or other persons still under his control, as reasonably requested in connection with the Independent Manager/Monitor's engagement or employment, except to the extent such cooperation is inconsistent with the defense of any other case or investigation in which the Commission is not a party. Defendant shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the Independent Manager/Monitor or any persons engaged or employed by the Independent Manager/Monitor in carrying out the Independent Manager/Monitor's responsibilities.

D. Defendant agrees that the Independent Manager/Monitor shall:

1. have full, complete, and immediate access to the books and records of MMC-FL, MMC-AK, AFC III, AFC2, and their subsidiaries and affiliates, including but not limited to all business and financial records, bank and other financial statements, and all electronic records wherever located, to carry out the Independent Manager/Monitor's responsibilities;

2. have full, complete and immediate access to the principals, managers, officers, directors, employees, agents or consultants of MMC-FL, MMC-AK, AFC III, AFC2, and their subsidiaries and affiliates, wherever located, to carry out the Independent Manager/Monitor's responsibilities;

3. have full, complete and immediate access to the offices of MMC-FL, MMC-AK, AFC III, AFC2, and their subsidiaries and affiliates, wherever located, to carry out the Independent Manager/Monitor's responsibilities;

4. provide to the Commission staff, no later than 45 days after entry of the Final Judgment, a report identifying all investors who hold notes or other securities in AFC III or AFC2 as of the entry of the Final Judgment ("Investors"), and any outstanding amounts owed to each Investor;

5. provide to Investors and the Commission staff, no later than 60 days after entry of the Final Judgment, a preliminary accounting of all assets and liabilities of MMC-FL, MMC-AK, AFC III, AFC2, and their subsidiaries and affiliates, and to conduct such investigation as may be necessary to locate and account for such items;

6. provide to Investors and the Commission staff, beginning no later than 60 days after the preliminary accounting described above, quarterly accountings of all assets, liabilities, receipts and disbursements of MMC-FL, MMC-AK, AFC III,

AFC2, and their subsidiaries and affiliates, including but not limited to disbursements associated with the activities of the Independent Manager/Monitor and any persons engaged or employed by the Independent Manager/Monitor, continuing for at least four quarters, or until dissolution of the entity, if sooner; and

7. provide to Investors and the Commission staff, no later than one year after entry of the Final Judgment, a report describing in detail its plan and underlying financial analysis for the continuing operation or dissolution of MMC-FL, MMC-AK, AFC III, AFC2, and their subsidiaries and affiliates. The Commission staff may make reasonable requests for further evidence in support of the plan, and the Independent Manager/Monitor shall provide such evidence.

E. Defendant agrees that the Independent Manager/Monitor shall have all of the immunities afforded to a Court-appointed receiver in a federal action. The Independent Manager/Monitor and persons engaged or employed by the Independent Manager/Monitor in carrying out the responsibilities hereunder shall not be liable for any act or omission of the Independent Manager/Monitor or such person, respectively, or any of their partners, employees, agents or attorneys, unless it shall be proven that the Independent Manager/Monitor or such other person acted recklessly or in bad faith. In particular, the Independent Manager/Monitor shall not, under any circumstances, be liable for any losses in connection with AFC III or AFC2 or the loss of Investor funds arising out of or related to the Independent Manager/Monitor's work hereunder, including, but not limited to, losses from either the sale of securities or failure to sell securities or delays in the sale of securities by AFC III or AFC2 during the course of the Independent Manager/Monitor's engagement or employment. No claim may be filed against the Independent Manager/Monitor without first obtaining Court approval to file such an action.

F. Defendant shall certify, in writing, compliance with the Undertakings set forth above. The certification shall identify the Undertakings, provide written evidence of compliance in the form of a narrative, and be supported by exhibits sufficient to demonstrate compliance. The certification and supporting material shall be submitted to Steven Buchholz, Assistant Regional Director, U.S. Securities and Exchange Commission, 44 Montgomery Street, 28th Floor, San Francisco, CA 94104, with a copy to the Office of Chief Counsel of the Enforcement Division, 100 F Street NE, Washington, DC 20549, no later than two months after the date of the completion of the Undertakings.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the Complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by him of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

XI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

IT IS SO ORDERED.

Dated: March 26, 2018

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE