UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 2:18-cv-00616-MCE-CMK |
| Plaintiff, | |
| vs. | FINAL JUDGMENT AS TO LAURA A. SANFORD |
| MCKINLEY MORTGAGE CO. LLC, MCKINLEY MORTGAGE COMPANY, LLC, TOBIAS J. PRESTON, CHARLES G. PRESTON, CALEB J. PRESTON, and LAURA A. SANFORD, | |
| Defendants. | |

The Securities and Exchange Commission ("Commission") having filed a Complaint and Laura A. Sanford ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over her and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's agents and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein, including but not limited to:

    A.    Defendant undertakes to cooperate with the Commission in any and all investigations, litigation or other proceedings relating to or arising from the matters described in this action, except to the extent such cooperation is inconsistent with the defense of any other case or investigation in which the Commission is not a party.

    B.    Defendant undertakes to cooperate with the Independent Manager/Monitor, as reasonably requested in connection with the Independent Manager/Monitor's engagement or

employment, except to the extent such cooperation is inconsistent with the defense of any other case or investigation in which the Commission is not a party. Defendant shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the Independent Manager/Monitor or any persons engaged or employed by the Independent Manager/Monitor in carrying out the Independent Manager/Monitor's responsibilities.

      C.      Defendant agrees that the Independent Manager/Monitor shall have all of the immunities afforded to a Court-appointed receiver in a federal action. The Independent Manager/Monitor and persons engaged or employed by the Independent Manager/Monitor in carrying out the responsibilities hereunder shall not be liable for any act or omission of the Independent Manager/Monitor or such person, respectively, or any of their partners, employees, agents or attorneys, unless it shall be proven that the Independent Manager/Monitor or such other person acted recklessly or in bad faith. In particular, the Independent Manager/Monitor shall not, under any circumstances, be liable for any losses in connection with Alaska Financial Company III LLC ("AFC III") or Alaska Financial Company2 LLC ("AFC2"), or the loss of Investor funds arising out of or related to the Independent Manager/Monitor's work hereunder, including, but not limited to, losses from either the sale of securities or failure to sell securities or delays in the sale of securities by AFC III or AFC2 during the course of the Independent Manager/Monitor's engagement or employment. No claim may be filed against the Independent Manager/Monitor without first obtaining Court approval to file such an action.

      D.      Defendant shall certify, in writing, compliance with the Undertakings set forth above. The certification shall identify the Undertakings, provide written evidence of compliance in the form of a narrative, and be supported by exhibits sufficient to demonstrate compliance. The certification and supporting material shall be submitted to Steven Buchholz, Assistant Regional Director, U.S. Securities and Exchange Commission, 44 Montgomery Street, 28th Floor, San Francisco, CA 94104, with a copy to the Office of Chief Counsel of the Enforcement Division, 100 F Street NE, Washington, DC 20549, no later than two months after the date of the completion of the Undertakings.

## III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## IV.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

IT IS SO ORDERED.

Dated:  March 26, 2018

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE