UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>              Plaintiff,<br><br>      v.<br><br>MCKINLEY MORTGAGE CO. LLC, et al.,<br><br>              Defendants. | No.  2:18-cv-00616-DC-DMC<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE, DENYING MONITOR'S REQUEST TO HOLD NON-PARTY SCHNURR IN CONTEMPT, AND DENYING MONITOR'S REQUEST FOR STATUS CONFERENCE<br><br>(Doc. Nos. 66, 70) |

On March 22, 2018, Plaintiff Securities and Exchange Commission ("SEC") brought this securities fraud action against three individual defendants (Tobias J. Preston, Charles G. Preston, Caleb J. Preston, Laura A. Sanford) and two entity defendants that were majority owned by Defendant Tobias Preston (McKinley Mortgage Co. LLC; and McKinley Mortgage Company, LLC). (Doc. No. 1). Pursuant to stipulated requests for the entry of judgment, final judgment was entered as to all Defendants on March 27, 2018. (Doc. Nos. 2–5, 8–11.)

As to the entity defendants and Defendant Tobias Preston, the final judgment provided for Defendant Tobias Preston to relinquish all ownership interest in the entity defendants and any of their affiliates, and for the entity defendants to "retain, at their own expense, an Independent Manager/Monitor who is not unacceptable to the [SEC] Commission staff, to replace Tobias Preston, Charles Preston, and Caleb Preston as the officers of [McKinley Mortgage Co. LLC, and

McKinley Mortgage Company, LLC].ND" (Doc. No. 8 at 9.) That final judgment also provided that the "Manager/Monitor will oversee the management and activities of [the entity defendants], and their subsidiaries and affiliates, and shall serve to protect the interests of the investors who have purchased securities" in those affiliates, including the investment funds that the parties refer to as AFC III and AFC2.[1] (*Id.*) Further, that final judgment provided as follows:

> Defendants agree that the Independent Manager/Monitor shall have all of the immunities afforded to a Court-appointed receiver in a federal action. The Independent Manager/Monitor and persons engaged or employed by the Independent Manager/Monitor in carrying out the responsibilities hereunder shall not be liable for any act or omission of the Independent Manager/Monitor or such person, respectively, or any of their partners, employees, agents or attorneys, unless it shall be proven that the Independent Manager/Monitor or such other person acted recklessly or in bad faith. In particular, the Independent Manager/Monitor shall not, under any circumstances, be liable for any losses in connection with AFC III or AFC2 or the loss of Investor funds arising out of or related to the Independent Manager/Monitor's work hereunder, including, but not limited to, losses from either the sale of securities or failure to sell securities or delays in the sale of securities by AFC III or AFC2 during the course of the Independent Manager/Monitor's engagement or employment. No claim may be filed against the Independent Manager/Monitor without first obtaining Court approval to file such an action.

(*Id.* at 11.)

Defendants McKinley Mortgage Co. LLC and McKinley Mortgage Company, LLC (hereinafter, the "Monitorship Entities") retained Krista L. Freitag to be the Independent Manager/Monitor, and on July 26, 2019, the court also granted Plaintiff SEC's motion to appoint Krista L. Freitag as the Distribution Agent to administer a distribution of funds to harmed investors. (Doc. No. 20.)

On October 17, 2023, Monitor Freitag filed a motion requesting that the court issue an order requiring non-party Gregory W. Schnurr to show cause why he "should not be held in civil contempt for ongoing and willful violations of this Court's March 27, 2018 Final Judgment" as to Defendant Tobias Preston and the Monitorship Entities (Doc. No. 8). (Doc. No. 46.) In short, Monitor Freitag asserts that Mr. Schnurr violated the provisions of the Final Judgment that afford

---

[1] "AFC III" is the abbreviation used for Alaska Financial Company III LLC, and "AFC2" is the abbreviation used for Alaska Financial Company2 LLC. (*See* Doc. No. 8 at 7, 9.)

1  her broad immunity and protections from liability in carrying out her monitorship responsibilities

2  because he "swor[e] out criminal complaints in Mexico against certain Monitorship Entities and

3  their local counsel based on false and perjurious repudiations of the debts incurred by" two joint

4  ventures originally owned by Mr. Schnurr and Defendant Tobias Preston. (Doc. No. 46-1 at 5.)

5  On August 2, 2024, the court summarily granted the Monitor's motion and ordered Mr.

6  Schnurr to show cause "why he should not be sanctioned for ongoing and willful violations of

7  this Court's March 27, 2018 Final Judgment as to Defendants McKinley Mortgage Co. LLC,

8  McKinley Mortgage Company, LLC, and Tobias J. Preston (Doc. No. 8), pursuant to which the

9  Monitor was engaged." (Doc. No. 60 at 2.)

10 On August 24, 2024, Mr. Schnurr filed his response to that order. (Doc. No. 65.) On

11 September 6, 2024, Monitor Freitag filed a supplemental brief in support of her request that the

12 court hold Mr. Schnurr in civil contempt. (Doc. No. 66.) Then Mr. Schnurr filed a supplemental

13 brief of his own on September 13, 2024.[2] (Doc. No. 67.)

14 On February 11, 2025, Monitor Freitag filed a request asking the court to hold a status

15 conference in this case. (Doc. No. 70.)

16 Having reviewed and considered the briefing submitted by Monitor Freitag and non-party

17 Mr. Schnurr, the court does not find Mr. Schnurr to be in contempt of the court's March 27, 2018

18 Final Judgment (Doc. No. 8). Monitor Freitag relies on excerpted portions of that Final Judgment

19 to support her request (*see* Doc. No. 46-1 at 8; Doc. No. 66 at 16), but she omits important

20 context from those provisions. Notably, the sentence that states, "[n]o claim may be filed against

21 the Independent Manager/Monitor without first obtaining Court approval to file such an action"

22 (Doc. No. 8 at 11)—which Monitor Freitag contends includes a prohibition on swearing out

23 criminal complaints (Doc. No. 46-1 at 5, 20)—comes at the end of a paragraph that provides

24 additional context. When read in context, the protections afforded to the Monitor were

25 particularly addressing the potential for claims being brought against the Monitor for losses

26 incurred as a result of her acts or omissions in carrying out her responsibilities. That is, the

27

28 [2] This case was reassigned to the undersigned district judge on October 15, 2024. (Doc. No. 68.)

"Monitor and persons engaged or employed by the [Monitor] in carrying out the responsibilities hereunder shall not be liable for any act or omission of the Independent Manager/Monitor or such person, respectively, or any of their partners, employees, agents or attorneys, unless it shall be proven that the Independent Manager/Monitor or such other person acted recklessly or in bad faith." (Doc. No. 8 at 11.) The paragraph then continues, giving further context:

> *In particular*, the Independent Manager/Monitor shall not, under any circumstances, be liable for any losses in connection with AFC III or AFC2 or the loss of Investor funds arising out of or related to the Independent Manager/Monitor's work hereunder, including, but not limited to, losses from either the sale of securities or failure to sell securities or delays in the sale of securities by AFC III or AFC2 during the course of the Independent Manager/Monitor's engagement or employment.

(Doc. No. 8 at 11) (emphasis added). Given this context, the court is not persuaded by Monitor Frietag's argument that Mr. Schnurr's "efforts to precipitate criminal proceedings against the Monitorship entities and the Monitor's local counsel in Mexico" (Doc. No. 46-1 at 20), violate the March 27, 2018 Final Judgment.

Thus, Montior Frietag's request to hold Mr. Schnurr in civil contempt and request for a status conference will both be denied.

Accordingly:

1. The court's August 2, 2024 order to non-party Gregory W. Schnurr to show cause (Doc. No. 60) is DISCHARGED;

2. Monitor Krista L. Freitag's request for an order holding non-party Gregory W. Schnurr in civil contempt (Doc. No. 66) is DENIED; and

3. Monitor Krista L. Freitag's request for a status conference (Doc. No. 70) is DENIED as having been rendered moot by this order.

IT IS SO ORDERED.

Dated: __May 13, 2025__

_____
Dena Coggins
United States District Judge